**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE MARLENE A. PENROD,<br><br>Debtor.<br><br>———————————————<br><br>MARLENE A. PENROD,<br><br>Appellant,<br><br>vs.<br><br>AMERICREDIT FINANCIAL SERVICES, INC.,<br><br>Appellee. | Case No.: 12-CV-01548 YGR<br><br><br>ORDER AFFIRMING BANKRUPTCY COURT FEE AWARD |

This is an appeal from a bankruptcy court order denying Appellant, and Debtor, Marlene Penrod's motion to require a creditor to pay her attorneys' fees. Ms. Penrod sought an award of attorneys' fees from one of its creditors, Appellee AmeriCredit Financial Services ("AmeriCredit"), after AmeriCredit unsuccessfully objected to her Chapter 13 reorganization plan that treated a portion of its claim as unsecured. The bankruptcy judge denied her fees request, finding that Ms. Penrod could not recover attorneys' fees because she was not a party "prevailing on the contract" within the meaning of California Civil Code Section 1717. This appeal followed.

Having carefully considered the papers submitted, for the reasons set forth below, the Court finds that the bankruptcy judge did not abuse his discretion or err in failing to award attorneys' fees and costs.[1] Because the litigation regarding the treatment of AmeriCredit's claim was not an action "on a contract" within the meaning of California Civil Code section 1717, the prevailing party is not entitled to contractual attorneys' fees. Therefore, the Court **AFFIRMS** the decision of the bankruptcy judge.

---

[1] After examination of the briefs and record, the Court finds that, pursuant to Federal Rule of Bankruptcy Procedure 8012, this matter is appropriate for decision without oral argument.

## I. BACKGROUND

In September 2005, Marlene Penrod purchased a 2005 Ford Taurus from a California Ford dealership. As part of her purchase, she traded in her 1999 Ford Explorer and paid approximately $1,000 down for her new vehicle. She owed more on the Ford Explorer, over $13,000, than the agreed trade-in value of $6,000, which left over $7,000 in "negative equity"[2] on the trade-in vehicle. All told, Penrod financed approximately $31,700 to purchase a vehicle that cost approximately $25,600. The dealership subsequently assigned the contract to AmeriCredit.

The Retail Installment Sales Contract contained the following attorneys' fees provision:

> You may have to pay collection costs. You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts.

In March 2007, Ms. Penrod filed for Chapter 13 bankruptcy protection. Ms. Penrod still owed AmeriCredit over $25,000 on the Ford Taurus, which included the negative equity from the Ford Explorer. In her reorganization plan, Ms. Penrod sought to treat as unsecured the portion of the debt she owed to AmeriCredit arising from the negative equity from trading in the Ford Explorer.

AmeriCredit objected to modification of its secured claim arguing that the claim was protected from bifurcation into secured and unsecured claims under the portion of 11 U.S.C. § 1325(a) commonly known as the "hanging paragraph."[3] Pursuant to the "hanging paragraph," bifurcation of a claim into secured and unsecured claims is not permitted under a Chapter 13 reorganization plan with respect to certain motor vehicle debt that is subject to a "purchase money security interest" and that meets certain other requirements. AmeriCredit argued that it held a purchase money security interest in the entire debt and bifurcation of its claim into secured and

---

[2] "Negative equity" arises when a consumer trades in a vehicle that has more debt against it than the vehicle is worth, and the new seller rolls the deficiency on the trade-in into the new vehicle. *See In re Penrod*, 392 B.R. 835, 842 (9th Cir. B.A.P 2008). In this case, Ms. Penrod traded in a vehicle for which she received $6,000 in credit, but that had more than $13,000 in debt against it, leaving $7,137 in negative equity. *Id.*

[3] The portion of subsection 1325(a) is referred to as the "hanging paragraph" because, when it is was adopted as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Congress did not specify where to place the statutory text in 1325(a). When codified, the paragraph was inserted at the end of the subsection and not numbered.

2

unsecured portions was improper under the "hanging paragraph." As an initial matter, the bankruptcy judge needed to determine whether AmeriCredit's interest in the negative equity associated with the trade-in vehicle was a "purchase money security interest," a term not defined by the Bankruptcy Code, which required applying the Uniform Commercial Code and California state law.

Ultimately the bankruptcy judge relied on a decision by Bankruptcy Judge Morgan, who had held that the portion of the debt representing the payoff of the negative equity in the trade-in vehicle was not secured by a "purchase money security interest." Therefore, the "hanging paragraph" of subsection 1325(a) did not protect the negative equity associated with the trade-in vehicle. Accordingly, the bankruptcy judge allowed Ms. Penrod to treat the negative equity portion of the loan as unsecured debt, overruled AmeriCredit's objection to confirmation, and confirmed Ms. Penrod's reorganization plan.

Following confirmation of Ms. Penrod's reorganization plan, AmeriCredit appealed the bankruptcy court decision that allowed Ms. Penrod to bifurcate its claim. The Bankruptcy Appellate Panel affirmed. *AmeriCredit Fin. Servs., Inc. v. Penrod (In re Penrod)*, 392 B.R. 835 (9th Cir. B.A.P. 2008). The Ninth Circuit Court of Appeals affirmed. *AmeriCredit Fin. Servs., Inc. v. Penrod (In re Penrod)*, 611 F.3d 1158 (9th Cir. 2010). The Ninth Circuit denied AmeriCredit's request for rehearing *en banc*, *AmeriCredit Fin. Servs., Inc. v. Penrod (In re Penrod)*, 636 F.3d 1175 (9th Cir. 2011), and the United States Supreme Court denied AmeriCredit's petition for writ of certiorari, *AmeriCredit Fin. Servs., Inc. v. Penrod*, 132 S. Ct. 108 (2011).

After the Supreme Court denied AmeriCredit's petition for writ of certiorari, Ms. Penrod sought to recover attorneys' fees under the contractual attorneys' fees clause and California Civil Code § 1717, which makes the unilateral contractual fee clause a reciprocal obligation in a contract enforcement action. The bankruptcy judge denied the attorneys' fees request finding that the issue on which Ms. Penrod prevailed involved questions of federal bankruptcy law and therefore, she did not prevail "on the contract" within the meaning of California Civil Code § 1717. Ms. Penrod timely appealed, arguing that she is entitled to fees pursuant to California Civil Code § 1717 as the party prevailing "on the contract."

## II. STANDARD OF REVIEW

A bankruptcy court's decision whether to award attorneys' fees should not be disturbed absent an abuse of discretion or an erroneous application of the law. *See In re Bennett*, 298 F.3d 1059, 1063 (9th Cir. 2002); *In re Jastrem*, 253 F.3d 438, 442 (9th Cir. 2001). The bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law, including its interpretation of the Bankruptcy Code, are reviewed *de novo*. *See Blausey v. United States Trustee*, 552 F.3d 1124, 1132 (9th Cir. 2009); *In re Salazar*, 430 F.3d 992, 994 (9th Cir. 2005). This Court must accept the bankruptcy court's factual findings unless upon review it is left with the definite and firm conviction that a mistake has been committed. *See In re Straightline Invs., Inc.*, 525 F.3d 870, 876 (9th Cir. 2008); *Latman v. Burdette*, 366 F.3d 774, 781 (9th Cir. 2004); *In re Banks*, 263 F.3d 862, 869 (9th Cir. 2001). Whether the bankruptcy judge applies the correct law regarding a party's entitlement to attorneys' fees is an issue of law reviewed *de novo*. *See U.S. for Use & Benefit of Reed v. Callahan*, 884 F.2d 1180, 1185 (9th Cir. 1989).

## III. ISSUE ON APPEAL

The issue presented on appeal is: "Did the Bankruptcy Court err in failing to award attorneys' fees and costs to Debtor pursuant to Cal. Civ. Code § 1717 in light of, *inter alia*, the decision of the United States Supreme Court in *Travelers Casualty & Surety Co. v. Pacific Gas and Electric Co.*, 549 U.S. 443, 127 S. Ct. 1199, 178 L. Ed. 178 (2007), and the Bankruptcy Court's apparent reliance upon the discredited rule articulated in *Fobian v. Western Farm Credit Bank (In re Fobian)*, 951 F.2d 1149 (9th Cir. 1991)." This is a two part issue: (A) did the bankruptcy judge apply the incorrect law; and, if the correct law was applied, (B) was the decision of the bankruptcy judge based on an erroneous application of the law. Because the answer to both questions is "no," the Court **AFFIRMS**.

## IV. DISCUSSION

Under the "American Rule," a prevailing litigant is not entitled to recover its attorneys' fees except when authorized by contract or statute. *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448 (2007). "In a case governed by the Bankruptcy Act … '[t]he character of [a contractual] obligation to pay attorney's fees presents no obstacle to enforcing it in bankruptcy." *Id.* Thus, "a 'prevailing party in a bankruptcy proceeding may be entitled to an award of attorney fees in

4

accordance with applicable state law …." *Id*. at 451 (quoting *Travelers Cas. & Sur. Co. v. Pac. Gas & Elec. Co.*, 167 Fed. App'x 593, 594 (9th Cir. 2006) *vacated and remanded sub nom.*, 549 U.S. 443 (2007), *and vacated*, 525 F.3d 885 (9th Cir. 2008)).

In this case, Ms. Penrod argues the "applicable" state law is California Civil Code § 1717, which provides a reciprocal right to recover contractual attorneys' fees by the party "prevailing on the contract" in "any action on a contract." Specifically, California Civil Code § 1717 states:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a). Thus, under California Civil Code § 1717, the prevailing party may recover its attorneys' fees notwithstanding whether that party is the party identified in the contract. *Id*. Ms. Penrod contends that, pursuant to the attorneys' fee provision in the parties' contract[4] and the reciprocity provision of California Civil Code § 1717, she is entitled to recover attorneys' fees from AmeriCredit.

### A.    WHETHER THE BANKRUPTCY JUDGE APPLIED THE INCORRECT LAW

First, Ms. Penrod argues that the bankruptcy judge erred by applying the wrong law. Even though the bankruptcy judge did not reference *In re Fobian*, Ms. Penrod contends that the bankruptcy judge implicitly relied upon the so-called "*Fobian*" rule. Following *In re Fobian*, courts in the Ninth Circuit prohibited awards of attorneys' fees when only issues of federal bankruptcy law were litigated in cases involving a contract. *In re Fobian*, *supra*, 951 F.2d at 1153 ("where the litigated issues involve not basic contract enforcement questions, but issues peculiar to federal bankruptcy law, attorney's fees will not be awarded absent bad faith or harassment by the losing party."). The Supreme Court in *Travelers*, *supra*, 549 U.S. at 449, overruled the *Fobian* rule.

---

[4] The contractual fee provision provides: "You may have to pay collection costs. You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts."

As pertinent here, *Travelers* holds that state law governs whether Ms. Penrod is entitled to recover contractual attorneys' fees.[5] Although the bankruptcy judge did not reference *Travelers* in his memorandum opinion, the bankruptcy judge acknowledged during oral argument "that after *Travelers*, this is purely a question of state law."

Here, the bankruptcy judge did consider the pertinent state law, California Civil Code § 1717, and concluded that fees were not recoverable. Contrary to Ms. Penrod's assertion, his decision did not "rel[y] upon the discredited rule articulated in *Fobian*," *i.e.*, that the Bankruptcy Code precludes Ms. Penrod from recovering attorneys' fees *because* the action involved bankruptcy issues. Rather, the bankruptcy judge determined that, "in light of, *inter alia*, … *Travelers*," state law only allows attorneys' fees where the moving party was "the party prevailing on the contract."

Based on the foregoing analysis, the Court finds that in reaching his decision, the bankruptcy judge considered and applied the correct law regarding Ms. Penrod's entitlement to attorneys' fees.

### B.   WHETHER THE BANKRUPTCY JUDGE ERRONEOUSLY APPLIED THE LAW

Ms. Penrod next argues that the bankruptcy judge misapplied California state law. She characterizes the action as one of contract enforcement[6] and asserts that it was legal error for the

---

[5] Both *Travelers* and *Fobian* involved claims by creditors for attorneys' fees against the bankruptcy estate pursuant to the Bankruptcy Code. *Travelers* held only that the Bankruptcy Code does not disallow a claim for attorneys' fees based solely on the fact that the fees were incurred litigating bankruptcy law issues. *Travelers*, *supra*, 549 U.S. at 456. The Court remanded, "express[ing] no opinion with regard to whether, following the demise of the *Fobian* rule, other principles of bankruptcy law might provide an independent basis for disallowing Travelers' claim for attorney's fees." *Id*.

[6] –   "For purposes of California Civil Code section 1717, the litigation regarding the treatment of AmeriCredit's claim under Ms. Penrod's chapter 13 plan qualifies as the requisite 'action on a contract'" (Penrod Br. at 13);
–   "The filing of AmeriCredit's proof of claim and the litigation of its claim pursuant to Ms. Penrod's plan all 'involve' the Sales Contract and AmeriCredit's effort to collect its debt thereunder against Ms. Penrod" (*Id*. at 14);
–   "AmeriCredit's effort in the Bankruptcy Court and four levels of appellate review to collect the full amount of its debt under the Sales Contract" (Reply at 9);
–   "litigation over the collection and enforcement of its debt" (*Id*. at 10).

6

bankruptcy judge not to hold the same.[7] Ms. Penrod has argued, but she has not shown, that this action was "on a contract."

### *1. An "action on a contract"*

"California courts liberally construe 'on a contract' to extend to any action '[a]s long as an action 'involves' a contract and one of the parties would be entitled to recover attorney fees under the contract if that party prevails in its lawsuit ….'" *Ford v. Baroff (In re Baroff)*, 105 F.3d 439, 442-43 (9th Cir. 1997) (citing *Milman v. Shukhat*, 22 Cal. App. 4th 538, 545 (Cal. Ct. App. 1994)). "An action is 'on the contract' when it is brought to enforce the provisions of the contract." *City of Emeryville v. Robinson*, 621 F.3d 1251, 1267-68 (9th Cir. 2010) (quoting *MBNA America Bank, N.A. v. Gorman*, 147 Cal. App. 4th Supp. 1, 7 (Cal. Ct. App. 2006)). "In determining whether an action is 'on the contract' under section 1717, the proper focus is not on the nature of the remedy, but on the basis of the cause of action." *In re Tobacco Cases I*, 193 Cal. App. 4th 1591, 1602 (Cal. Ct. App. 2011) (action to enforce consent decree "on the contract") (quoting *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 347 (Cal. Ct. App. 2008) (causes of action for declaratory and injunctive relief and quiet title were "on the contract" because claims were based on promissory note and deed of trust)).

Ms. Penrod argues by analogy that this case is an "action on a contract" because AmeriCredit would have been entitled to its attorneys' fees under the parties' contract had it prevailed and thus, she should be awarded attorneys' fees because she prevailed. Citing to Illinois bankruptcy opinions, Ms. Penrod notes that creditors regularly recover attorneys' fees in bankruptcy proceedings. This contention, and AmeriCredit's purported entitlement to attorneys' fees, both appear to be based on a

---

[7] Ms. Penrod asserts that the cases "selectively chosen" by the bankruptcy judge are the wrong cases, but does not indicate which of the 61 cases to which she cites in her opening brief (or 15 additional cases cited in her reply brief) are the correct cases to analyze. Both before the bankruptcy court and the district court, Ms. Penrod has relied upon *Travelers*, *supra*, and *Countrywide Home Loans, Inc. v. Hoopai (In re Hoopai)*, 581 F.3d 1090 (9th Cir. 2009). As noted above, the bankruptcy judge correctly applied *Travelers*. Additionally, the bankruptcy judge analyzed and distinguished *In re Hoopai*. Ms. Penrod disagrees with the distinction drawn. She contends that *In re Hoopai* stands for the proposition that litigation in connection with a bankruptcy claim based on a contract is an "action on a contract" for purposes of a state fee shifting statute. *In re Hoopai* involved an analogous Hawaii fee shifting statute, but the dispute concerned *who* prevailed in the action on a contract, not *whether* the action was on a contract. Accordingly, the case does not support the broader proposition not addressed by the Ninth Circuit.

provision of the Bankruptcy Code, 11 U.S.C. § 506(b), that provides for recovery of contractual attorneys' fees based on the lender's over-secured status,[8] not the lender's success in the bankruptcy proceeding. AmeriCredit's right to recover contractual attorneys' fees under Bankruptcy Code Section 506(b) is not implicated by state law. *See In re Hoopai*, *supra*, 581 F.3d at 1098-99 (interpreting preemptive effect of pre-BAPCPA[9] version of § 506(b), which made no reference to state law). Ms. Penrod's contractual right to recover her attorneys' fees is determined by state law.

Ms. Penrod's right to recover her attorneys' fees, if any, requires that she establish an entitlement to fees under both the parties' contract and state law. Thus, even if AmeriCredit is entitled to contractual attorneys' fees under the Bankruptcy Code—which it disputes—in order for Ms. Penrod to recover attorneys' fees, she also must establish that the attorneys' fees at issue were incurred in an action "on a contract" within the meaning of California Civil Code § 1717.

### 2. *Application*

Contractual liability for the underlying debt was conceded from the outset. Ms. Penrod did not assert, and the bankruptcy judge did not find, that any portion of the claim was not due, or that the contract was not enforceable. Breach and default on the underlying contract never were judicially determined.[10]

---

[8] To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

11 U.S.C. § 506(b).

[9] "BAPCPA" is the acronym for the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

[10] Although the issue was not litigated, Ms. Penrod maintains that commencement of the bankruptcy case itself constituted a default under the contract, resulting in acceleration of the debt under the contract, yielding a single, liquidated amount. Because the parties never asserted that Ms. Penrod defaulted or that the debt was accelerated, the underlying proceeding did not involve a judicial determination of either of these issues. As such, the underlying action was not an action on these contract issues.

Ms. Penrod asserts this was an action "on a contract." According to Ms. Penrod, filing a proof of claim, as well as any litigation incident to the filing of a proof of claim was an attempt by AmeriCredit "to collect what [Ms. Penrod] owe[s]" on a contract. Therefore, she argues that the litigation concerning the treatment of AmeriCredit's bankruptcy claim was an action on a contract within the meaning Section 1717 of the California Civil Code, making the unilateral fee provision in the contract a reciprocal obligation.

The bankruptcy judge disagreed, finding that the action was not "on a contract" because:

> In the present case, Debtor did not contest the amount due under the Installment Sales Contract, the meaning of that contract, or the enforceability of that contract under state law. Instead, Debtor sought to modify the terms of the contract under federal bankruptcy law.

(Order at 7:10-14.) The bankruptcy judge further held that "a party who avoids the obligation of a contract through federal bankruptcy law does not prevail on the contract within the meaning of section 1717." (*Id.* at 5:22-24 (citing *Terra Nova Indus., Inc. v. Chen (In re Chen)*, 345 B.R. 197, 199-203 (N.D. Cal. 2006)).)

The bankruptcy judge was within the bounds of his discretion in concluding that the action was not "on a contract" under California Civil Code § 1717. The litigation had little to do with the parties' actual contract and concerned only abstract issues of how to treat the negative equity associated with a debtor's trade-in vehicle under bankruptcy law.[11] Not only did the appellate courts treat these as pure questions of law, even the bankruptcy judge made his decision on purely legal grounds, relying on a decision by Judge Morgan, not the parties' contract or the specific facts of this case.

Based on the foregoing analysis, the Court concludes that the bankruptcy judge did not abuse his discretion or erroneously apply the law in denying Ms. Penrod's request for attorneys' fees and costs.

---

[11] Two issues were litigated before the bankruptcy judge and the Bankruptcy Appellate Panel: First, does a creditor have a purchase money security interest in the negative equity associated with a debtor's trade-in vehicle. Second, to the extent a creditor's purchase money security interest does not secure the negative equity, does this transform the entire debt into non-purchase money, or only the portion of the debt associated with the negative equity. Only the first issue was appealed to the Ninth Circuit Court of Appeals. Both issues were treated by the appellate courts as pure questions of law.

9

# V. CONCLUSION

For the reasons set forth above, the Court concludes that the bankruptcy judge did not abuse his discretion in denying the attorneys' fee request. The bankruptcy judge applied the correct law, California Civil Code § 1717, and his application of the law was not clearly erroneous.

The Order Denying Motion to Require AmeriCredit to Pay Debtor's Attorneys['] Fees is **AFFIRMED**.

This Order fully adjudicates the appeal and terminates all pending motions for the case. The clerk shall close the case file.

**IT IS SO ORDERED**.

**Date: May 10, 2013**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**